UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN WOODRUFF,

          Plaintiff,

v.                           CASE NO. 8:05-CV-655-T-MAP

Jo ANNE B. BARNHART,
Commissioner of Social Security,

          Defendant.

_____/

## ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying her claims for a period of disability and Disability Insurance Benefits ("DIB").[1] She claims the Administrative Law Judge ("ALJ") erred by: (1) failing to fully and adequately consider the severity of Plaintiff's impairments; (2) failing to consider Plaintiff's impairments in combination; (3) failing to present an adequate hypothetical question to the vocational expert; (4) relying on inadequate vocational testimony; (5) failing to consider and weigh the reasons for a lack of treatment; (6) assuming that stricter adherence to a treatment regimen would have resulted in a better ability to perform work activities; (7) failing to give adequate credit to Plaintiff's testimony; and (8) failing to fully and adequately weigh the substantial evidence in this matter.[2] After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial

---

[1] The parties have consented to my jurisdiction (doc. 10).  *See* 28 U.S.C. § 636(c).

[2] The Plaintiff categorizes only two issues in her memorandum; however, she itemizes these eight issues her "Preliminary Statement."

evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

### A.  Background

Plaintiff was forty-six years old at the time of her administrative hearing on August 23, 2004. She has more than a high school education and has past work experience as a waitress, driver, and nurse.  Plaintiff alleges disability as a result of brittle insulin dependent diabetes mellitus, diabetic seizures, diabetic neuropathy, pain in multiple joints, and depression.[3]  Plaintiff protectively filed for DIB on May 13, 2002, alleging a disability onset date of March 15, 2002.  On November 26, 2004, the ALJ denied Plaintiff's disability claim and the Appeals Council denied Plaintiff's request for review.

### B.  Standard of Review

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a

---

[3]  The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order  (R. 14-19).

"sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*C.  Discussion*

1.     *Whether the ALJ erred in failing to fully and adequately consider the severity of Plaintiff's impairments.*

At step two of the sequential analysis, a claimant need show only that her impairment is not so slight and its effect is not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914 (11th Cir.1984).  In other words, the "severity" of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Plaintiff asserts the ALJ should have classified her seizures (hypoglycemic episodes) and depression as severe impairments.  But as the Commissioner correctly notes, the Plaintiff misconstrues the nature of any prior seizure and does not present sufficient evidence suggesting her depression should be considered as severe.  The ALJ concluded that Plaintiff's insulin dependent diabetes mellitus, diabetic neuropathy, and joint pain were severe impairments within the meaning of the regulations.  While Plaintiff characterizes her hypoglycemic episodes as "seizures," she presents no evidence suggesting she has ever experienced an epileptic type seizure.  Indeed, she concedes these episodes are "quite possibly" related to her diabetic condition, an impairment the ALJ considered severe.  And substantial evidence supports the Commissioner's position that such episodes resulted from poor sugar control which the Plaintiff could have avoided with proper monitoring of blood sugar (R.15-16).

Likewise, substantial evidence supports the conclusion her depression is not a severe impairment.  Plaintiff is not undergoing any sort of mental health treatment.  She was evaluated by Dr. Kanakis, a psychologist, on September 4, 2002, who opined she was "suffering from a mild level

4

of depressive symptomotology at the time of the evaluation." *See* R. 259. Dr. Kanakis stated that Plaintiff "might benefit from a trial of antidepressant medication and/or outpatient counseling." *See* R. 259. Also, on October 23, 2002, Dr. Brown, a psychologist, diagnosed Plaintiff with major depression, but opined that there was "no credible evidence found documenting psychiatric barriers to employment." R. 276. In short, substantial evidence supports the ALJ's decision.

2.       *Whether the ALJ erred by failing to consider all impairments in full combination.*

Although Plaintiff contends the ALJ erred in failing to consider the combined effects of her impairments, the record reveals otherwise (R. 15-17). The ALJ specifically noted that Plaintiff's impairments were not severe enough, "either singly or in combination" to equal an impairment (R. 15). This statement constitutes evidence that he considered the combined effects of Plaintiff's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1223 (11th Cir. 2002).

3. *Whether the ALJ erred by presenting an inadequate hypothetical to the vocational expert.*

An ALJ's hypothetical to a vocational expert must comprehensively describe the claimant's limitations; any question must incorporate an accurate predicate. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

The ALJ followed this regulatory scheme when posing three separate hypotheticals to the ALJ (R. 373 - 378). These hypotheticals were extremely comprehensive and encompassed the limitations imposed upon Plaintiff by his physicians. Furthermore, the ALJ offered Plaintiff's

attorney an opportunity to pose a hypothetical to the vocational expert, and he did not mention Plaintiff's supposed depression ( R. 378).

    *4.  Whether the ALJ erred in relying on inadequate vocational testimony.*

Plaintiff argues that one of the vocational expert's responses call into question his entire set of responses.  Specifically, Plaintiff contends that when asked about Plaintiff's need to take multiple five minute breaks, the vocational expert stated that Plaintiff could work during her breaks.  Plaintiff argues that a break should not be considered work time.  While the vocational expert's answer to the ALJ's question is confusing, the ALJ subsequently clarified the matter:

> Q:    How many breaks in additional [sic] to regularly scheduled breaks – what's the threshold between the number of breaks in addition to regularly scheduled breaks at which point a person would no longer be employable?
>
> A:    The breaks that she would need to take as a surveillance system monitor obviously she could continue to monitor the system and telephone solicitor she would be able to continue on the phone while she was doing that.  The number of breaks generally if you're adding two more 15-minute breaks in addition to the regularly unscheduled breaks that is getting close to prohibitive.
>
> Q:    Okay.  All right.  So, if we did assume that she would need two additional 15-minute breaks in additional [sic] to regularly scheduled breaks at that point there'd be no other employment?
>
> A:    That's correct.

R. 377-378.

The ALJ adequately clarified the vocational expert's response.  Therefore, it does not call into question the entire line of the vocational expert's testimony.

    *5.    Whether the ALJ erred in failing to consider and weigh the reasons for a lack of treatment.*

Ordinarily, a claimant's refusal to follow or noncompliance with prescribed medical treatment without a good reason precludes a finding of disability.  Poverty excuses noncompliance.

6

*Ellison v. Barnhart,* 355 F.2d 1272, 1275 (11th Cir. 2003); *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988). Plaintiff seems to argue the ALJ improperly discounted her credibility based her inconsistent effort at securing or following medical treatment.  She claims the ALJ erred in this respect because her inability stemmed from her poverty and not her unwillingness to follow directions.  Frankly, I find the Plaintiff's argument difficult to follow given the record.  *Ellison* and *Dawkins* requires remand only in those instances where the ALJ's finding of non-disability was significantly predicated on the claimant's noncompliance with medical advice.  That is not the case here.  Substantial evidence supports the ALJ's decision irrespective of the Plaintiff's financial inability to obtain medical care for her depression.

> 6.    *Whether the ALJ erred in assuming that stricter adherence to a treatment regimen would have resulted in a better ability to perform work activities.*

While not clearly explained in her memorandum, it appears that Plaintiff maintains that the ALJ erred in assuming that stricter adherence to her diabetes treatment would improve her ability to work.  Defendant contends that the ALJ properly concluded that Plaintiff's low blood sugar and resulting episodes could be controlled with insulin and blood testing compliance.  Evidence supports the ALJ's conclusion that Plaintiff's condition was controlled by treatment and medication.  As detailed in claim one, Plaintiff's doctors opined that her diabetes was overall controlled by treatment compliance.  Therefore, it was reasonable for the ALJ to determine that Plaintiff's diabetes could be managed by proper medication.

> 7.    *Whether the ALJ erred in failing to adequately credit the Plaintiff's testimony.*

The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.  *See* 20 C.F.R. §§ 404.1529 and 416.929.  "Objective evidence" means

medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Plaintiff argues that the ALJ failed to fully credit her testimony. Specifically, Plaintiff cites three reasons the ALJ discredited her: (1) the ALJ found her level of medical care was inconsistent with her pain complaints; (2) the ALJ found her daily activities inconsistent with her alleged level of pain; and (3) the ALJ found her actions at the hearing contradicted her pain allegation. Nonetheless, I find that the ALJ did in fact properly consider Plaintiff's subjective complaints as required by the Eleventh Circuit. He devoted almost two pages of his decision in explaining his reasons for discrediting Plaintiff (R. 19-20). Among them he found that Plaintiff's allegations were inconsistent with the medical records, which show that Plaintiff's condition is maintainable on medications. Notably, the medical records show no evidence of seizures. Also, her daily activities belie her allegations. She manages her finances, maintains social relationships, and spends her days watching television and lying in the sun. Finally, the ALJ noted that the Plaintiff appeared physically comfortable during the hearing and appeared focused and attentive. The combination of these findings supports the ALJ's findings regarding Plaintiff's credibility.

8

8.      *Whether the ALJ erred in failing to fully and adequately weigh the substantial evidence in this matter.*

Plaintiff finishes her memorandum by bringing a broad argument that the ALJ failed to adequately weigh the substantial evidence in this matter.  As already stated, I find the ALJ's decision is supported by substantial evidence.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 29th day of August, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:      Counsel of Record